| | |
|---|---|
| JOHN HERBAUGH, et al.,<br>Booking No. 18120621,<br><br>                             Plaintiff,<br><br>vs.<br><br>SAN DIEGO SHERIFF'S DEPT.;<br>SAN DIEGO SHERIFF'S DEPT.<br>MEDICAL STAFF,<br><br>                            Defendants. | Case No.: 3:18-cv-01899-JLS-NLS<br><br>**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g), AND (2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>(ECF No. 2) |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Plaintiff John Herbaugh, while detained at San Diego County Sheriff's Department's George Bailey Detention Facility ("GBDF"), and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on behalf of himself and 39 other unidentified GBDF inmates. *See* Compl., ECF No. 1 at 1.

Plaintiff claims the San Diego County Sheriff's Department and its "Medical Staff" have committed various Health & Safety Code violations at GBDF, subjected him and others to unsanitary conditions, and have committed "medical malpractice" with respect to patient care. *Id.* at 2–5. He seeks $11 million in general and punitive damages, and injunctive relief requiring the Sheriff's Department to "publically announce [its]

wrongdoing and neglect." *Id.* at 7.

Plaintiff did not prepay the filing fee required to commence a civil action at the time he filed his Complaint; instead, he filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2.

## LEGAL STANDARD

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face . . . additional hurdle[s]." *Id.*

Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("*King*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) ("*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *King*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting section 1915(g)'s exception for IFP complaints that "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

## ANALYSIS

As an initial matter, the Court has reviewed Plaintiff's Complaint, and finds it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Plaintiff claims the conditions at GBDF are generally unsanitary. For example, he complains that he has been subjected to foul odors, bugs, and vermin. He further contends that GBDF staff use cross-contaminated mops and soiled towels, and GBDF nurses failed to change their gloves between patients on unspecified occasions between the months of June and August 2018. *See* Compl., ECF No. 1 at 3–5.

To qualify for section 1915(g)'s exception, however, the danger he alleges to face must be real, proximate, and/or ongoing. *Cervantes*, 493 F.3d at 1055; *see also Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4,

2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical."). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998); *see also Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)"); *Pauline v. Mishner*, No. 09-00182 JMS/KSC, 2009 WL 1505672, at *3 (D. Haw. May 28, 2009) ("Plaintiff's vague and conclusory allegations of possible future harm to himself or others are insufficient to trigger the 'imminent danger of serious physical injury' exception to dismissal under § 1915(g)."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *King*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under section 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Therefore, this Court takes judicial notice of its own records and finds that Plaintiff John David Herbaugh, currently identified under San Diego County Sheriff's Department Booking No. 18120621, while incarcerated, has had three prior civil actions over the course

of this calendar year alone dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1. Order Granting Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, *Herbaugh v. Cohen*, No. 3:18-CV-01580 WQH (WVG) (S.D. Cal. Aug. 7, 2018), ECF No. 3 (strike one);

2. Order Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and for Failing to Prosecute in Compliance with Court Order Requiring Amendment, *Herbaugh v. 3970 ARJIS*, No. 3:18-CV-01316 AJB (BLM) (S.D. Cal. Sept. 10, 2018), ECF No. 7 (strike two); and

3. Order Dismissing Plaintiff Herbaugh's Complaint as Frivolous and for Failing to State a Claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), *Herbaugh v. San Diego Sheriffs Dep't*, No. 3:18-CV-01748 BAS (WVG) (S.D. Cal. Sept. 11, 2018), ECF No. 4 (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three strikes pursuant to section 1915(g), and has failed to make a plausible allegation that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[1]

---

[1] District Judge Gonzalo P. Curiel also has recently denied Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in *Herbaugh v. 3970 ARJIS*, No. 3:18-CV-01806 GPC (MDD) (S.D. Cal. Oct. 9, 2018), ECF No. 5.

## CONCLUSION

For the reasons explained above, the Court:

1. **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

2. **DISMISSES WITHOUT PREJUDICE** this civil action based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3. **CERTIFIES** that an IFP appeal from this Order would be frivolous and, therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4. **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: October 17, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge